# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MURAD AL-QURAAN** <br> 1015 15th Street NW, STE 1100 <br> Washington, D.C. 20005 <br><br> **Plaintiff,** <br><br> v. <br><br><br> **MJ PROPERTY LLC** <br> 4115 8TH St. NW <br> Washington, D.C. 20011 <br> R/A <br> Jun Wen <br> 3108 Sherman Ave. NW <br> Washington, D.C. 20011, <br><br> **4115 8th STREET NW, LLC** <br> **d/b/a LOFTSTEL** <br> 5042 Wilshire Blvd., 15933 <br> Los Angeles, CA 90036 <br> R/A <br> Registered Agent Solutions, Inc., <br> 1090 Vermont Ave. NW <br> Washington D.C. 20005, <br><br> **JEFF PAN** <br> 5042 Wilshire Blvd., 15933 <br> Los Angeles, CA 90036, <br><br> & <br><br> **DENISE KUENZEL** <br> 4115 8th St. NW <br> Washington, D.C. 20011, <br><br> **Defendants** | : <br> : **FAIR LABOR STANDARDS ACT** <br> : **DEMAND FOR JURY TRIAL** <br> : <br> : <br> : Civil Action No. : 1:14-cv-2144 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

1

**COMPLAINT**

Plaintiff Murad Al-Quraan, hereinafter Plaintiff, alleges by and through his attorney, F. Peter Silva, II, Esq., of the Gowen Group Law Office, PLLC as follows:

**INTRODUCTION**

1.  This is a challenge to Defendants' unlawful practice of compensating employees solely through rent reduction or abatement at Defendants' boarding house, at a rate that is less than minimum wage. This practice runs afoul of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq*. ("FLSA"), its District counterpart, District of Columbia Minimum Wage Act Revision of 1992, D.C. Code § 32-1001 *et seq* (DCMWAR) and the District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1302, ("DCWPCL").

2.  Plaintiff worked for Defendants at Loftstel as a resident assistant. Defendant compensated Plaintiff as a resident assistant less than minimum wage by offering Plaintiff rent reduction or abatement at Defendants' boarding house, which Defendant rented out, at a profit, for $500 a month when it first hired Plaintiff, and $700 to $800 a month when Defendant terminated Plaintiff's employment.

3.  Plaintiff worked 24 to 32 hours per week and worked for approximately 216 hours from October 9, 2014 to December 13, 2014.

4.  Plaintiff has been significantly undercompensated because Defendants' compensation of rent reduction or abatement was significantly less than the legally required amount Plaintiff would be entitled to under the FLSA and the DCWPCL. For the hours Plaintiff worked, Plaintiff was entitled to approximately $2,052.00 under DC's minimum wage laws.

5.    Pursuant to the FLSA, Plaintiff alleges that he is entitled (1) unpaid wages, (2) liquidated damages equal to Plaintiff's deficient wages, and (3) reasonable attorneys' fees and costs.

6.    Pursuant to the DCWPCA, Plaintiff alleges that he is entitled (1) unpaid wages, (2) liquidated damages equal to Plaintiff's deficient wages, and (3) reasonable attorneys' fees and costs.

7.    Pursuant to DCMWAR, Plaintiff alleges that he is entitled to (1) unpaid wages, (2) liquidated damages, and (3) reasonable attorney's fees and costs.

## JURISDICTION & VENUE

8.    This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and § 1337 and supplemental jurisdiction over Plaintiff's claim under DCWPCL pursuant to 28 U.S.C. § 1367. Both the federal and state claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding. Additionally, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, 29 U.S.C. § 216(b).

9.    This Court has jurisdiction to issue a Declaratory Judgment pursuant to 28 U.S.C. § 2201(a) and further relief pursuant to 28 U.S.C. § 2202.

10.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the Defendants are found and do business in this District. Alternatively and cumulatively, venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that violation of Plaintiff's rights have taken place in this District.

## PARTIES

11.     Plaintiff Murad Al-Quraan is a natural person residing in Washington, D.C.

12.     Defendant 4115 8th Street NW, LLC, is a company that holds the trade name and does business as "Loftstel".

13.     Defendant Jeff Pan, is an officer, director, manager or partner of 4115 8th Street NW, LLC.

14.     Defendant Denise Kuenzel, is the self-reported owner and an officer of Loftstel.

15.     Defendant MJ Property LLC, is a company which holds a valid license to use 4115 8th Street NW, Washington, DC as a boarding house.

16.     Upon information and belief, Defendants Denise Kuenzel and Jeff Pan are natural persons who own and operate 4115 8th Street NW, LLC under the trade name Loftstel. Kuenzel and Pan agreed with the illegal work for board agreement with Plaintiff.

## FACTS

18.     In or around October 2014, Plaintiff began working as a resident assistant for Defendants' boarding house, located at 4115 8th Street, N.W., in Washington, DC from October 2014 until December 13, 2014.

19.     Resident assistants at Loftstel were compensated for their work in the form of rent reduction or abatement.

20.     The responsibilities of resident assistants included checking guests into the boarding house, cleaning and organizing the house, and coordinating events with guests and managers.

21.     Plaintiff worked three to four eight-hour shifts for Defendants per work while he was employed.

22.     Between October 9, 2014 until December 13, 2014, Plaintiff worked an approximate total of 216 hours.

23. Plaintiff only received wages in the form of a rent reduction or abatement.

24. The Minimum Wage in the District of Columbia is $9.50.

25. As an employee in the District of Columbia, Plaintiff was should have received approximately $2,052.00 for his work.

26. Defendants rented out rooms for long term guests at Loftstel for $500.00 when Plaintiff began his employment. Defendants later on or about December 3, 2014 raised the rate for long term guests to $700.00 for students and $800.00 for non-students.

27. On December 3, 2014, Forbes reiterated to Plaintiff that he was an employee of Loftstel compensated in the form of housing and that Plaintiff was not a tenant.

28. Defendant terminated Plaintiff's employment and Plaintiff moved out of the Loftstel on December 13, 2014.

## CAUSES OF ACTIONS

### COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT ("FLSA") 42 U.S.C.  AGAINST ALL DEFENDANTS

29. Plaintiff alleges and incorporates by reference paragraphs 1 through **Error! Reference source not found.**.

30. Defendants have willfully violated the FLSA by paying Plaintiff less than minimum wage by compensating Plaintiff with lodging of which the reasonable costs to the Defendants for furnishing such lodging was not greater than or equal to minimum wage.

31. Each Defendant is an employer under the FLSA. 29 U.S.C. § 203(d).

32. Plaintiff is an employee under FLSA. 29 U.S.C. § 203(e).

33. Plaintiff was employed by Defendants under FLSA. 29 U.S.C. § 203(g)

34. Under federal jurisprudence, courts have held that providing rent reduction or abatement constitutes wages under the FLSA, and that such compensation is appropriate only

when the cost to the employer to supply such furnishings is, at least, equivalent to minimum wage or when supplemented with additional income to be equivalent to minimum wage.

35. It was the Defendants' practice to undercompensate Plaintiff by only providing Plaintiff with rent reduction or abatement which was less than minimum wage, in violation of the FLSA.

36. Due to Defendants' willful FLSA violations, Plaintiff is entitled to recover from Defendants unpaid wages, liquidated damages, reasonable attorney's fees and the costs of this actions. 29 U.S.C. § 216(b).

### COUNT II – VIOLATIONS OF D.C. MINIMUM WAGE ACT REVISION AGAINST ALL DEFENDANTS

37. Plaintiff alleges and incorporates by reference paragraphs 1 through 36.

38. District of Columbia law requires employers to pay employees minimum wage for work performed. D.C. Code Ann. § 32-1003(a).

39. Defendants are employers under the statute. D.C. Code Ann. § 32-1002(3).

40. Plaintiff is an employee under the statute. D.C. Code Ann. § 32-1002(2).

41. Defendants did employ Plaintiff under the statute. D.C. Code Ann. § 32-1002(1).

42. By the above course of conduct, Defendants have violated the District of Columbia Minimum Wage Act Revision.

43. Defendants have violated D.C. Minimum Wage Act Revision willfully.

44. Due to Defendants' DCMWAR violations, Plaintiff is entitled to his unpaid wages, liquidated damages and reasonable attorney's fees. D.C. Code § 32-1012(a), (c).

### COUNT III – VIOLATIONS OF D.C. WAGE PAYMENT AND COLLECTION ACT AGAINST ALL DEFENDANTS

45. Plaintiff alleges and incorporates by reference paragraphs 1 through 44.

46.     Under D.C. law, there cannot be more than ten working days between the close of a pay period and the payment of wages from that period. *See* D.C. Code § 32-1302.

47.     Plaintiff is an employee under D.C. Wage Payment Act. D.C. Code § 32-1002(2).

48.     Defendants are an employer under D.C. Wage Payment Act. D.C. Code § 32-1002(3).

49.     Defendants have willfully violated D.C. Wage Payment and Collection Law by never compensating Plaintiff beyond rent reduction or abatement for working at Loftstel, which was inadequate compensation under D.C. law.

50.     Due to Defendants' Wage Payment and Collection Law violation, Plaintiff is entitled to recover his unpaid wages, liquidated damages of 10% of the unpaid wages per working day, and reasonable attorney's fees and costs of this action pursuant to D.C. Code §32-1303(4).

## JURY DEMANDED

51.     Plaintiff requests a trial by jury of all matters to which they are entitled by law.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff requests the Court grant the following relief:

1.     A trial by jury;

2.     A declaratory judgment that Defendants have willfully violated Plaintiff's rights under FLSA, DCMWAR, and DCWPCL;

3.     Award Plaintiff one duplicative award of actual damages against Defendants for unpaid wages under the Fair Labor Standards Act, the District of Columbia Minimum Wage Act Revision and the District of Columbia Wage Payment and Collection Act;

4.     Award Plaintiff liquidated damages equal to the amount of unpaid wages because of Defendants' violations under FLSA;

5.     Award Plaintiff liquidated damages in twice the amount of the unpaid wages because of

Defendants' violations of the DCWPCL, as provided in D.C. Code § 32-1303(4);

6. Award Plaintiff liquidated damages equal to the amount of unpaid wages because of Defendants' violations of DCMWAR, as provided in D.C. Code § 32-1012(a),(c);

7. Award Plaintiff their reasonable attorney's fees and costs against Defendants under FLSA, DCMWAR, D.C. Code 32-1012(a),(c), and DCWPCL, D.C. Code § 32-1303(4);

8. Award Plaintiff prejudgment and postjudgment interest on all amounts due to Plaintiff as a result of this action, with interest at the prevailing rate;

9. Award such relief as this Court deems necessary and proper.

Respectfully Submitted,

GOWEN GROUP LAW OFFICE, PLLC

/s/ F. Peter Silva II, Esq.

F. Peter Silva, II, Esq.
Attorney ID No.: 1010483
Gowen Group Law Office, PLLC
1015 15th Street, NW Suite 1110
Washington, D.C. 20005
Tel: (202) 380-9355
Fax: (202) 499-1370
Peter.Silva@gowengroup.com
*Attorney for Plaintiff*