# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MURAD AL-QURAAN** *Plaintiff,* v. **MJ PROPERTY LLC, et al.** *Defendants.* | **FAIR LABOR STANDARDS ACT** **DEMAND FOR JURY TRIAL** Civil Action No. : 1:14-cv-2144-TSC Judge: Tanya S. Chutkan |

## SECOND AMENDED COMPLAINT

Plaintiff Murad Al-Quraan alleges, by and through his attorney, F. Peter Silva, II, Esq., of the Gowen Group Law Office, PLLC, as follows:

## INTRODUCTION

1.  This is a challenge to Defendants' unlawful practice of compensating employees solely through rent reduction or abatement at Defendants' boarding house, at a rate that is less than minimum wage. This practice runs afoul of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq*. ("FLSA"), its District counterpart, District of Columbia Minimum Wage Act Revision of 1992, D.C. Code § 32-1001 *et seq* ("DCMWAR") and the District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1302, ("DCWPCL").

2.  Plaintiff worked for Defendants at their boarding house as a resident assistant. Defendants compensated Plaintiff for his work as a resident assistant at a rate less than

minimum wage by compensating Plaintiff with rent reduction or abatement at their boarding house. The reasonable cost of Plaintiff's lodging to Defendants' did not equal minimum wage.

3. Plaintiff worked 24 to 32 hours per week and worked for approximately 216 hours from October 9, 2014 to December 13, 2014.

4. Plaintiff has been undercompensated because Defendants' compensation of rent reduction or abatement was significantly less than the legally required amount Plaintiff would be entitled to under the FLSA and the DCWPCL. For the hours Plaintiff worked, Plaintiff was entitled to approximately $2,052.00 under District of Columbia's minimum wage laws.

5. Pursuant to the FLSA, Plaintiff alleges that he is entitled to (1) unpaid wages, (2) liquidated damages equal to Plaintiff's deficient wages, and (3) reasonable attorneys' fees and costs.

6. Pursuant to the DCWPCL, Plaintiff alleges that he is entitled to (1) unpaid wages, (2) liquidated damages equal to Plaintiff's deficient wages, and (3) reasonable attorneys' fees and costs.

7. Pursuant to DCMWAR, Plaintiff alleges that he is entitled to (1) unpaid wages, (2) liquidated damages, and (3) reasonable attorney's fees and costs.

## **JURISDICTION & VENUE**

8. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and § 1337 and supplemental jurisdiction over Plaintiff's claim under DCWPCL pursuant to 28 U.S.C. § 1367. Both the federal and state claims alleged herein arose from a common nucleus of operative fact; the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be

tried in one judicial proceeding. Additionally, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, 29 U.S.C. § 216(b).

9. This Court has jurisdiction to issue a Declaratory Judgment pursuant to 28 U.S.C. § 2201(a) and further relief pursuant to 28 U.S.C. § 2202.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the Defendants are found and do business in this District. Alternatively and cumulatively, venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that violation of Plaintiff's rights have taken place in this District.

## PARTIES

11. Plaintiff Murad Al-Quraan is a natural person residing in Washington, D.C.

12. Defendant 4115 8th Street NW, LLC is a limited liability company organized under the laws of the State of New York. In 2011, Defendant 4115 8th Street NW, LLC applied for and received a Certificate of Registration to conduct business within the District of Columbia as a foreign limited liability company and registered to use the trade name "Loftstel."

13. Defendant 4115 8th Street NW, LLC's Certificate of Registration has been administratively revoked by the District of Columbia as it never filed a bi-annual report, and the trade name registration of "Loftstel" expired in 2013.

14. Defendant 4115 8th Street NW, LLC entity status is listed as active by the State of New York.

15. Defendant Jeff Pan ("Pan"), is an officer, director, manager or partner of 4115 8th Street NW, LLC and MJ Property LLC.

16. Defendant Denise Kuenzel ("Kuenzel"), is the self-reported owner and an officer of Loftstel.

17.     Defendant MJ Property LLC ("MJ Property"), is a limited liability company organized under the law of the District of Columbia.

18.     In 2011, on its Articles of Organization application, MJ Property described its company purpose as "rental housing". There is no mention of operating a boarding house. However, in April of 2011, MJ Property applied and received a Certificate of Occupancy to operate a boarding house at the address of 4115 8th Street NW, Washington, DC.

19.     On its bi-annual report filed in 2013, MJ Property stated that the business it conducted in the District of Columbia was "boarding house."

20.     MJ Property has never applied nor received authorization to use the trade name Loftstel.

21.     The District of Columbia Department of Regulatory Affairs currently lists MJ Property's entity status as revoked.

22.     Upon information and belief, MJ Property is either running the boarding house under of the name of Loftstel or in connection with Defendant 4115 8th Street NW LLC as MJ Property holds the only Certificate of Occupancy for a boarding house at the address, MJ Property stated that its purpose was to operate a boarding house, and both companies are owned in full or in part by Jeff Pan.

23.     Upon information and belief, Defendants Denise Kuenzel and Jeff Pan are natural persons who own and operate 4115 8th Street NW, LLC.

24.     Upon information and belief, Kuenzel and Pan agreed with and benefitted from the illegal work for board agreement with Plaintiff.

## FACTS

25.     In or around October 2014, Plaintiff began working as a resident assistant for Defendants' boarding house, located at 4115 8th Street, N.W., in Washington, DC from October 9, 2014 until December 13, 2014.

26.     The boarding house operates under the name of Loftstel despite the trade name being expired and neither MJ Property nor 4115 8th Street NW, LLC maintaining an active status in the District of Columbia.

27.     The boarding house maintains the website Loftstel.com and its employees send emails from email addresses associated with the domain name. The website does not set forth the formal name of the company operating the boarding house.

28.     The Defendants, through their boarding house, are engaged in commerce as they advertise and provide lodging to guests from other states and countries in exchange for financial compensation.

29.     Resident assistants at the boarding house were compensated for their work in the form of rent reduction or abatement.

30.     The responsibilities of resident assistants included checking guests into the boarding house, cleaning and organizing the house, and coordinating events with guests and managers.

31.     Plaintiff worked three to four eight-hour shifts for Defendants per work while he was employed.

32.     Between October 9, 2014 until December 13, 2014, Plaintiff worked an approximate total of 216 hours.

33.     The Minimum Wage in the District of Columbia is $9.50.

34.     As an employee in the District of Columbia, Plaintiff was should have received approximately $2,052.00 for his work.

35. Plaintiff only received wages in the form of a rent reduction or abatement.

36. Defendants rented out rooms for long term guests at Loftstel for $500.00 per month when Plaintiff began his employment. Defendants, later, on or about December 3, 2014, raised the rate for long term guests to $700.00 per month for students and $800.00 per month for non-students. Upon information and belief, these prices included a profit for the boarding house.

37. However, Plaintiff shared a basement room that did not have any windows or ventilation with another residential assistant. Upon information and belief, the room Plaintiff lived in cannot be rented out to the public because it does not meet the requirements of a bedroom under the laws of the District of Columbia. Therefore, it is difficult for the Plaintiff without discovery material to determine the actual cost to the Defendants of allowing Plaintiff to reside in the room.

38. Plaintiff estimates that he is entitled to back wages of $1,000.00.

39. On December 3, 2014, the boarding house Manager, Mercedes Diane Griffin Forbes, reiterated to Plaintiff that he was an employee of Loftstel who is compensated in the form of housing and that Plaintiff was not a tenant.

40. Plaintiff's employment was terminated and he moved out of the boarding house on December 13, 2014.

## CAUSES OF ACTIONS

### COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT ("FLSA") 42 U.S.C.  AGAINST ALL DEFENDANTS

41. Plaintiff alleges and incorporates by reference paragraphs 1 through 40.

42. Defendants have willfully violated the FLSA by paying Plaintiff less than minimum wage by compensating Plaintiff with lodging, of which the reasonable costs to the Defendants for furnishing such lodging was not greater than or equal to minimum wage.

43. Each Defendant is an employer under the FLSA. 29 U.S.C. § 203(d).

44. Plaintiff is an employee under FLSA. 29 U.S.C. § 203(e).

45. Plaintiff was employed by Defendants under FLSA. 29 U.S.C. § 203(g)

46. Defendants are engaged in commerce as their boarding house provides lodging to guests from other states and countries in exchange for financial compensation.

47. Under federal jurisprudence, courts have held that providing rent reduction or abatement constitutes wages under the FLSA, and that such compensation is appropriate only when the reasonable cost to the employer to supply such furnishings is, at least, equivalent to minimum wage or when supplemented with additional income to be equivalent to minimum wage.

48. The reasonable cost to the employer cannot include profit. 29 C.F.R. 531.3(b).

49. It was the Defendants' practice to undercompensate Plaintiff by only providing Plaintiff with rent reduction or abatement which was less than minimum wage, in violation of the FLSA.

50. Due to Defendants' willful FLSA violations, Plaintiff is entitled to recover from Defendants unpaid wages, liquidated damages, reasonable attorney's fees and the costs of this action.  29 U.S.C. § 216(b).

### COUNT II – VIOLATIONS OF D.C. MINIMUM WAGE ACT REVISION AGAINST ALL DEFENDANTS

51. Plaintiff alleges and incorporates by reference paragraphs 1 through 50.

52. District of Columbia law requires employers to pay employees minimum wage for work performed. D.C. Code Ann. § 32-1003(a).

53. Defendants are employers under the statute. D.C. Code Ann. § 32-1002(3).

54. Plaintiff is an employee under the statute. D.C. Code Ann. § 32-1002(2).

55.     Defendants did employ Plaintiff under the statute. D.C. Code Ann. § 32-1002(1).

56.     By the above course of conduct, Defendants have violated the District of Columbia Minimum Wage Act Revision.

57.     Defendants have willfully violated D.C. Minimum Wage Act Revision.

58.     Due to Defendants' DCMWAR violations, Plaintiff is entitled to his unpaid wages, liquidated damages, and reasonable attorney's fees.  D.C. Code § 32-1012(a), (c).

### COUNT III – VIOLATIONS OF D.C. WAGE PAYMENT AND COLLECTION ACT AGAINST ALL DEFENDANTS

59.     Plaintiff alleges and incorporates by reference paragraphs 1 through 58.

60.     Under D.C. law, there cannot be more than ten (10) working days between the close of a pay period and the payment of wages from that period. *See* D.C. Code § 32-1302.

61.     Plaintiff is an employee under D.C. Wage Payment Act.  D.C. Code § 32-1002(2).

62.     Defendants are an employer under D.C. Wage Payment Act.  D.C. Code § 32-1002(3).

63.     Defendants have willfully violated D.C. Wage Payment and Collection Law by never compensating Plaintiff beyond rent reduction or abatement for working at Loftstel, which was inadequate compensation under D.C. law.

64.     Due to Defendants' Wage Payment and Collection Law violation, Plaintiff is entitled to recover his unpaid wages, liquidated damages of 10% of the unpaid wages per working day, and reasonable attorney's fees and costs of this action pursuant to D.C. Code §32-1303(4).

### JURY DEMANDED

65.     Plaintiff requests a trial by jury of all matters to which they are entitled by law.

### PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff requests the Court grant the following relief:

1.      A trial by jury;

2. A declaratory judgment that Defendants have willfully violated Plaintiff's rights under FLSA, DCMWAR, and DCWPCL;

3. Award Plaintiff one duplicative award of actual damages against Defendants for unpaid wages under the Fair Labor Standards Act, the District of Columbia Minimum Wage Act Revision and the District of Columbia Wage Payment and Collection Act;

4. Award Plaintiff liquidated damages equal to the amount of unpaid wages because of Defendants' violations under FLSA;

5. Award Plaintiff liquidated damages in twice the amount of the unpaid wages because of Defendants' violations of the DCWPCL, as provided in D.C. Code § 32-1303(4);

6. Award Plaintiff liquidated damages equal to the amount of unpaid wages because of Defendants' violations of DCMWAR, as provided in D.C. Code § 32-1012(a),(c);

7. Award Plaintiff their reasonable attorney's fees and costs against Defendants under FLSA, DCMWAR, D.C. Code 32-1012(a),(c), and DCWPCL, D.C. Code § 32-1303(4);

8. Award Plaintiff prejudgment and post-judgment interest on all amounts due to Plaintiff as a result of this action, with interest at the prevailing rate; and

9. Award such relief as this Court deems necessary and proper.

Respectfully Submitted,
Murad Al-Quraan
By Counsel:
GOWEN GROUP LAW OFFICE, PLLC

Date:   February 11, 2015          /s/ F. Peter Silva II, Esq.

F. Peter Silva, II, Esq.
Attorney ID No.: 1010483
Gowen Group Law Office, PLLC
1015 15th Street, NW Suite 1110
Washington, D.C. 20005

Tel: (202) 380-9355
Fax: (202) 499-1370
Peter.Silva@gowengroup.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of February, 2015, a copy of the foregoing was served via the United States District Court for the District of Columbia's electronic filing system, to:

> Jeffrey L. Rhodes, Esq.
> Michael E. Stamp, Esq.
> Albo & Oblon, LLP
> 2200 Clarendon Blvd., Suite 1201
> Arlington, VA 22201
> *Counsel for Defendant MJ Property LLC*

and via U.S. First-Class Mail, postage pre-paid, to:

> 4115 8th Street NW, LLC
> 4115 8th Street NW
> Washington, DC 20011
> *Defendant*

The following Defendants have not yet been served because Plaintiff is waiting for the Court to approve the issuance of new summonses to cure improper service. *See* Dkt. No. 9:

> Jeff Pan
> 5042 Wilshire Blvd., 15933
> Los Angeles, CA 90036
>
> and
>
> 112 N 6th Street, Apt 112,
> Brooklyn, NY 11249
> *Defendant*
>
> Denise Kuenzel
> 701 Brandywine St SE, Apt. B2,
> Washington, DC 20032
> *Defendant*

Date:   February 11, 2015                          /s/ F. Peter Silva II, Esq.
                                                   F. Peter Silva, II, Esq.
                                                   Attorney ID No.: 1010483
                                                   Gowen Group Law Office, PLLC
                                                   1015 15th Street, NW Suite 1110
                                                   Washington, D.C. 20005