UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MURAD AL-QURAAN, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 14-cv-2144 (TSC) |
|  | ) | |
| 4115 8TH ST. NW, LLC d/b/a, LOFTSTEL, *et al.* | ) | |
|  | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff Murad Al-Quraan filed this suit for unpaid wages on December 17, 2014. Plaintiff worked at Defendants' boarding house as a resident assistant and was compensated by rent reduction. (Am. Compl. ¶ 2). Plaintiff alleges that the value of his rent reduction "was significantly less than the" minimum wage required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act, D.C. Code § 32-1001 *et seq.*, and the D.C. Wage Payment and Collection Law, D.C. Code § 32-1302. (Am. Compl. ¶ 4). Plaintiff named three defendants in his suit: Loftstel, the LLC which operates the boarding house, Denise Kuenzel ("Kuenzel"), the "self-reported owner and an officer of Loftstel," (Am. Compl. ¶ 16), and Jeff Pan, "an officer, director, manager or partner" of Loftstel. (Am. Compl. ¶ 15). Loftstel has not appeared in this action and the court entered default judgment against Lofstel at a hearing on May 7, 2015 and by an Order dated June 9, 2015. (ECF No. 31). Plaintiff has not successfully served Jeff Pan. (*See* Motion for Alternative Service, ECF No. 32; Order, July 10,

2015, ECF No. 42).  Denise Kuenzel, appearing *pro se*, has moved to dismiss.  (ECF No. 24).[1]

For the reasons set forth below, the motion is GRANTED.

   I.      LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citation omitted).  Moreover, a pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]"  *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl. Co. v. Twombly,* 550 U.S. 544, 555 (2007)).  If the facts as alleged, which must be taken as true, fail to establish that a plaintiff has stated a claim upon which relief can be granted, the Rule 12(b)(6) motion must be granted.  *See, e.g., Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs.*, 922 F. Supp. 2d 56, 61 (D.D.C. 2013).

The FLSA[2] defines an employer, circularly, as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  An employee may have more than one employer.  *Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 1, 5 (D.D.C. 2010).  In determining whether a party is an "employer" under the FLSA, a court must examine the

---

[1] The court ordered Denise Kuenzel to reply in support of her motion by June 23, 2015.  (Order, June 9, 2015).  The court received a 2-page filing from Kuenzel on June 22, 2015 captioned as a "motion for dismissal," which the court construes as her response.  (ECF No. 38).

[2] The relevant definitions are identical under D.C. and Federal law.  *Guevara v. Ischia, Inc.*, 47 F. Supp. 3d 23, 26 (D.D.C. 2014).

"economic reality" of the relationship. *Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 10-11 (D.C. Cir. 2001). This includes considering:

> whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

*Id.* (citing *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994). A corporate officer may be an employer if "the officer has operational control," which can be demonstrated by the officer's seniority in the corporation, the size of the officer's ownership interest, and the officer's responsibilities. *Ventura*, 738 F. Supp. 2d at 5-6.

## II.   ANALYSIS

Kuenzel argues that as an investor in the LLC with no responsibility for the business plan or employment arrangements, she is not liable as an employer under the relevant laws.[3] (Mot. at 2). The Amended Complaint alleges that Kuenzel is an owner and officer of Lofstel who operates Loftstel and "agreed with and benefitted from the illegal work for board agreement with Plaintiff." (Am. Compl. ¶¶ 16, 23-24). By virtue of these allegations, Plaintiff conclusorily contends that Kuenzel is an employer within the meaning of the FLSA. (Am. Compl. ¶ 45; Pl. Opp'n at 2). There are no allegations that Kuenzel had any involvement in managing employee work schedules or conditions of employment, maintained any employment records, or had the power to hire and fire Plaintiff or any other employees.

These conclusory allegations stand in stark contrast to allegations which have survived similar motions to dismiss in other courts. In *Mejia v. Brothers Petroleum, LLC*, No. 12-cv-

---

[3] Kuenzel also argued in her motion that Plaintiff was in fact paid in compliance with the applicable laws. This factual contention is improper on a motion to dismiss, and the court will not consider it in ruling on the motion. (Mot. at 1-2).

2842, 2015 WL 3619894, at *3-4 (E.D. La. June 9, 2015) the District Court denied a motion to dismiss on this basis where the complaint alleged that the owner of market at which plaintiff worked "was directly responsible for the hiring, termination, scheduling, control and payment of Plaintiffs and the employees."  The complaint in *Chesley v. DIRECTV, Inc.*, No. 14-cv-468, 2015 WL 3549129, at *4 (D.N.H. June 8, 2015) survived a motion to dismiss in light of extensive allegations that DIRECTV controlled "which workers would be assigned to specific job sites," determined "each worker's daily schedule," monitored the progress of each job, required workers to wear uniforms with the company's logo, and established specific quality control standards. *Id.*; *see also Deschepper v. Midwest Wine & Spirits, Inc.*, No. 13-cv-8379, 2015 WL 1433230, at *4-5 (N.D. Ill. Mar. 26, 2015); *Ramirez v. Riverbay Corp.*, 35 F. Supp. 3d 513, 521-22 (S.D.N.Y. 2014).  Likewise, where plaintiffs alleged that an individual defendant wrote checks to them and controlled the manner in which they completed work, the court held that the complaint contained sufficient allegations to show an employer-employee relationship.  *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 937 (N.D. Tex. 2014).

Plaintiff's allegations here amount to no more than a "formulaic recitation of the elements of the cause of action," *Chen v. Domino's Pizza, Inc.*, No. 09-cv-107, 2009 WL 3379946, at *5 (D.N.J. Oct. 16, 2009) (citing *Twombly*, 550 U.S. at 555).  No specific allegations provide any context that would make that conclusion plausible.  Accordingly, the Complaint fails to state a claim for relief against Kuenzel.

### III.   CONCLUSION

Because Plaintiff's Complaint contains no factual context to support the inference that Kuenzel was his employer, it fails to state a claim for relief against Kuenzel.  Accordingly, the complaint must be dismissed as to Kuenzel.

A corresponding order will issue separately.

Dated: July 10, 2015