**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| MURAD AL-QURAAN, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 14-cv-2144 (TSC) |
|  | ) | |
| 4115 8TH ST. NW, LLC d/b/a, LOFTSTEL, | ) | |
|  | ) | |
| Defendant. | ) | |

## OPINION

The court entered a default judgment against defendant 4115 8th St NW, LLC d/b/a Loftstel ("Loftstel") on June 9, 2015, and withheld entry of final judgment against Loftstel pending resolution of Plaintiff's claims against other defendants. (Order, ECF No. 31). Since then, all claims against the remaining defendants Denise Kuenzel and Jeff Pan have been dismissed. (*See* Memorandum Opinion and Orders, July 10, 2015, ECF Nos. 42, 43, 44; Minute Order, July 21, 2015). The court then held a hearing at which Plaintiff submitted exhibits and provided testimony as to damages.

A defaulting defendant concedes all well-pleaded factual allegations as to liability, though the court may require additional evidence concerning damages. *See Al-Kazemi v. Gen. Acceptance & Inv. Corp.*, 633 F. Supp. 540, 542 (D.D.C. 1986). To determine damages, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum of default judgment, or order an evidentiary hearing. *Flynn v. Mastro Masonry Contractors*, 237

F. Supp. 2d 66, 69 (D.D.C. 2002).  Plaintiff is entitled to all reasonable inferences from the evidence offered.  *Id.*

Under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the D.C. Minimum Wage Act Revision of 1992, D.C. Code § 32-1001 *et seq.*, an employer must pay an employee the minimum wage which, in the District of Columbia, was $9.50/hour during the relevant time period.  D.C. Code § 32-1003(a)(3) (2011).  Both FLSA and the DCMWA require payment of damages in the amount of unpaid minimum wages, liquidated damages (except in certain circumstances not relevant here), and attorneys' fees.  *Marroquin v. Country Choice, LLC*, 70 F. Supp. 3d 1, 3–4 (D.D.C. 2014); *see also Pleitez v. Carney*, 594 F. Supp. 2d 47, 48 (D.D.C. 2009).

Plaintiff supplied the court with a chart identifying each shift and the hours he worked during his employment at Loftstel.  (Pl. Ex. 8, ECF No. 58-8).  Plaintiff testified that, to prepare this chart, he relied on time records he provided to Loftstel at the beginning and end of each shift, records which he reviewed before his employment at Loftstel terminated.  The chart is consistent with a chart provided to the court by a non-defaulting defendant, Denise Kuenzel, in her *pro se* motion to dismiss.  (Kuenzel Mot., ECF No. 24 at Ex. F).  However, Plaintiff's Exhibit 8 asserts that Plaintiff worked 232 hours at Loftstel, but the Amended Complaint alleges that he worked "approximately 216 hours." (Second Am. Compl. ¶ 3).  When asked about the discrepancy at the hearing on damages, Plaintiff and his counsel were unable to account for this discrepancy.  The court therefore concludes that Plaintiff is entitled to compensation for 216 hours only.  *See, e.g.*, Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings").

The Kuenzel Motion alleged that Plaintiff took a 30 minute meal break during each shift and that up to half of Plaintiff's late night shifts were spent "on call" rather than on active duty. (Kuenzel Mot. at Ex. F). While some breaks and on-call time may be true breaks for which a plaintiff is not entitled to compensation, *see, e.g.*, *Summers v. Howard Univ.*, 127 F. Supp. 2d 27, 33 (D.D.C. 2000); 29 C.F.R. § 785.17, Plaintiff here submitted sufficient evidence that his meal breaks were not taken with any regularity, and consisted primarily of him leaving the front desk and relocating to the kitchen, which was contained within the same room as the front desk, to prepare his own food. He remained at all times responsible for responding to any job duties that arose while he was eating. Similarly, Plaintiff testified that when working late night shifts, he might be permitted to leave the front desk about half an hour before the formal end of his shift but would receive telephone calls in his room to check in late-arriving guests, even after the formal end of his shift. In light of this testimony, the court finds that Plaintiff is entitled to compensation for all 216 hours alleged in the complaint. Accordingly, Plaintiff is entitled to recover $2,052.00, which represents 216 hours multiplied by $9.50.[1]

FLSA requires liquidated damages in an amount equal to unpaid wages. 29 U.S.C. § 216(b). No showing of good faith has been made to justify offsetting or eliminating liquidated damages. *Id.* Plaintiff is therefore entitled to $2,052.00 as liquidated damages.

FLSA requires the payment of attorneys' fees. *Id.* "An award of attorney's fees is based on the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

---

[1] Plaintiff was not paid for his work at Loftstel, except for payment in kind. That is, Plaintiff's only compensation was free lodging at Loftstel. (Second Am. Compl. ¶¶ 2, 29, 35). Although under certain circumstances an employer is entitled to a credit against the minimum wage owed for the cost of lodging supplied to the employee, 29 U.S.C. § 203(m); 29 C.F.R. § 531.3, the employer bears the burden of proof as to that credit. *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 549 n.4 (6th Cir. 1999); *Jiao v. Chen*, No. 03-cv-165, 2007 WL 4944767, at *2–3 (S.D.N.Y. Mar. 30, 2007). Since the employer here provided no proof, the court considers no credit and Plaintiff is entitled to full minimum wage compensation for his hours worked.

rate." *Gutierrez v. Berg Contracting, Inc.*, No. 99-cv-3044, 2000 WL 331721, at *3 (D.D.C. Mar. 20, 2000) (internal citations and quotation marks omitted). Plaintiff's counsel submitted an affidavit in connection with the motion for default judgment averring that he has been practicing law for over five years with a focus in, among other areas, employment law. (Silva Aff. ¶ 11, ECF No. 19-3). The affidavit also contains billing records showing the work performed on behalf of Plaintiff. (*Id.*). Many judges in this district rely on the *Laffey* matrix "as an appropriate starting point for determining rates of reimbursing attorneys who bring cases under the FLSA." *Bradshaw v. Jefferson Grill, Inc.*, No. 11-cv-1558, 2012 WL 2803401, at *2 (D.D.C. July 10, 2012). The *Laffey* matrix contemplates a rate of $300/hour for attorneys with 4–7 years of experience. *See* U.S. DEPARTMENT OF JUSTICE, LAFFEY MATRIX (2014–2015), *available at* http://www.justice.gov/sites/default/files/usao-dc/legacy/2014/07/14/Laffey%20Matrix_2014-2015.pdf (last visited Aug. 19, 2015). Counsel's usual billing rate of $320/hour, although $20 higher than the Laffey Matrix, is appropriate because Plaintiff's counsel here is slightly more experienced than the least experienced attorneys in that grouping. *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 894 n. 11 (1984) (standard billing rates "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation" are presumptively reasonable); *see also Covington v. District of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995) (noting that *Laffey* matrix is "somewhat crude" in that it "lumps attorneys with four to seven years of experience in the same category" and utilizing the matrix as a "starting point."). As such, the court concludes that $320/hour is a reasonable rate for this attorney in this litigation.

      Counsel initially sought $4,498.10 in fees and costs. (Silva Aff. ¶ 12). In light of the dismissal of claims against Kuenzel and Pan, counsel for Plaintiff represented at the damages

hearing that Plaintiff was adjusting that amount down to $3,619.00, to exclude work performed in connection with claims against the now-dismissed defendants. This amount is reasonable and Plaintiff will be awarded the full amount sought.

Judgment will be entered in Plaintiff's favor for $7,723.00, representing $2,052.00 in damages, $2,052.00 in liquidated damages, and $3,619.00 in attorneys' fees and costs.

A corresponding order will issue separately.

Date:  August 19, 2015